UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

CAMERON BLAKE HALLETT,

    Plaintiff,

    v.                                    CAUSE NO. 1:23-CV-350-HAB-SLC

WILLIAM M. GOULD, et al.,

    Defendants.

## OPINION AND ORDER

Cameron Blake Hallett, a prisoner without a lawyer, filed an amended complaint. ECF 11. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Hallett alleges that he was a pre-trial detainee at the Allen County Jail between February 2020 and July 2022. In May 2020, he witnessed Officer Gould open a shower door and stare at a naked inmate for several moments. Sometime in June 2020, Officer Gould entered Hallett's cell while he was using the bathroom. Hallett's genitals were exposed, and Officer Gould allegedly stared at them. Officer Gould smiled at Hallett, and Hallett asked Officer Gould to stop looking. Officer Gould continued to stare for

several more moments before leaving. Later that day, Hallett expressed to Officer Gould that he was uncomfortable with the situation.

In May or June of 2021, Officer Gould came to the window of Hallett's cell while he was urinating. He looked at Hallett's genitals and made a comment along the lines of "I'd like a piece of that." ECF 11 at 3. Hallett asked for privacy, expressed his discomfort, and requested a grievance form. Officer Gould denied his request for a grievance form.

July or September 2021, Officer Gould opened the shower door while plaintiff was inside. Hallett was naked and Officer Gould did not knock before opening the door, as is common practice. Officer Gould stared directly at Hallett's buttocks and said "nice." Hallett told Officer Gould to close the door and said he was "on some weird [expletive]" *Id.* Hallett told Officer Gould later that day that he is not gay and asked him to stop with his strange behavior.

Sometime between September 2, 2021, and September 4, 2021, Officer Gould again came to Hallett's cell door while he was urinating. Officer Gould again stared. Officer Gould said, "I like big boys." *Id.* Hallett asked Officer Gould to speak to another officer; his request was denied. Hallett angrily expressed his discomfort to Officer Gould.

In December of 2021, or January of 2022, Officer Gould allegedly stared at Hallett while he was showering. When Hallett told him to stop looking, Officer Gould asked Hallett if he would rather he come in. Upon walking him back to his cell, Officer Gould

2

stared at Hallett's genital area and asked, "where's the big fella?" ECF 11. Hallett complained to an unidentified officer about Officer Gould's behavior.

On February 14, 2022, Hallett told Officer Gould he would be filing a Prison Rape Elimination Act ("PREA") complaint against him. Officer Gould caught another inmate trying to traffic contraband that day. Hallett had nothing to do with the incident, but Officer Gould included Hallett's name in the disciplinary report. Hallett told Officer Gould he could not write him up for something he did not do. Officer Gould responded by saying, "Well, I am." ECF 5. Hallett talked with Corporal Thomas and Sgt. Hake and the conduct report was dismissed the same day.

Hallett filed a PREA complaint the same day, indicating that he was afraid for his safety. A week later, Sgt. Hake responded indicating the incident was "under review."

On February 26, 2022, Hallett asked Officer Gould to speak to another officer because he did not believe Officer Gould should be working around him with a pending PREA complaint. His request was denied. Hallett and another inmate refused to lock into their cells so that Officer Gould would need to send an alert signal that would require him to call for backup. When backup arrived, Hallett showed his PREA complaint to Officer Nunley and Officer King and indicated he did not feel safe, but nothing was done, and Officer Gould continued working around Hallett.

On March 1, 2022, Hallett filed a second PREA complaint against Officer Gould. The complaint was given to Officer Malcolm and addressed to Sgt. Hake. He never received a response.

On March 9, 2022, Officer Gould was again assigned to work near Hallett. When Hallett asked to speak to another officer, Officer Gould denied his request and said, "can't you tell by now your grievances don't matter?" Officer Gould advised Hallett that he had "better stop," or Officer Gould would file misconduct reports against Hallett and have him placed in segregation. Officer Gould called Hallett "pretty boy" and opined that he could do whatever he wanted to him. ECF 11 at 7. Other inmates noticed how Officer Gould harassed Hallett and began harassing him. He continued to file numerous grievances about the harassment and asking for help. He wrote to first and second shift commanders, chaplain, discipline, classification, PREA coordinator, and grievance coordinator.

March 27, 2022, Officer Gould was again assigned to Hallett's area. When Officer Gould refused Hallett's request to speak to another officer, Hallett hit the emergency button. He called his mother and told her about the harassment and his fear. He asked her to call the jail and she did, but she was told there was nothing to be done. During count that day, Officer Gould fondled and groped Hallett's buttocks and thrust his finger into Hallett's anus through the fabric of his clothing. Officer Gould told Hallett there was more where that came from. Hallett and his cell mate were warned that, if they reported the incident, they would be sent to segregation. Officer Gould also told Hallett to stop writing grievances and threatened to hurt Hallett. Because the conduct Hallett describes qualifies as a sexual act for purposes of 18 U.S.C. § 2246, he will be

4

permitted to proceed against Officer Gould on this claim, under both the Eighth Amendment and Fourteenth Amendment.[1]

"To prevail on his First Amendment retaliation claim, [Hallett] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendant['s] decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citations omitted). Here, Hallett alleges that, as a direct result of his complaints about Officer Gould's inappropriate behavior, Officer Gould brought a false disciplinary charge against him that was dropped and threatened to bring additional false disciplinary charges against him. He also threatened to send him to segregation. Because these allegations satisfy each requirement to state a claim for retaliation, Hallett will be granted leave to proceed against Officer Gould on a retaliation claim.

The Prison Rape Elimination Act of 2003 (PREA), 34 U.S.C. § 30301 *et seq.*, provides for national standards for policies to reduce sexual violence in prison. It does not appear that Hallett is attempting to bring a claim under PREA. However, to the extent that may have been Hallett's intention, he cannot succeed. PREA does not provide a private right of action. *See Sims v. Doe*, No. 1:18-cv-2394-TWP-MPB, 2018 WL 4027632 at *2 (S.D. Ind. Aug. 22, 2018) (collecting cases).

---

[1] Hallett indicates he was both confined awaiting trial and serving a sentence during the time span relevant to this complaint.

Hallett further alleges that Sgt. Hake, Officer Sickafoose, Officer Butler, John Doe 1 (a grievance officer), and John Doe 2 (a PREA coordinator) were each deliberately indifferent to his safety when they failed to take corrective action against Officer Gould that would have protected Hallett. There is no general respondeat superior liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id*. at 596. To be held liable, a supervisor must "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012).

Hallett asserts that Sgt. Hake knew about Hallett's allegations of abuse and refused to assist him, but the amended complaint alleges only that Hallett talked with Sgt. Hake about the false disciplinary charge Officer Gould brought against him, Sgt. Hake responded to Hallett's first PREA report by indicating that it was under review, and Hallett addressed his second PREA report to Sgt. Hake. The complaint further alleges that Hallett sent grievances to many individuals, but Hallett does not allege any personal involvement on the parts of Officer Sickafoose, Officer Butler, John Doe 1, or John Doe 2. He offers only conclusory allegations that they knew about his complaints and did not protect him from Officer Gould. There are not factual allegations in the amended complaint from which it can be plausibly inferred that any of these defendants knew of Officer Gould's behavior and facilitated, approved, condoned, or turned a blind eye to any violation of Hallett's constitutional rights. Therefore, Hallett may not proceed against Sgt. Hake, Officer Sickafoose, Officer Butler, John Doe 1 (a

6

grievance officer), and John Doe 2 (a PREA coordinator). Furthermore, Hallett has no constitutional right to access the grievance process. *See Grieveson v. Anderson*, 538 F.3d 763, 770 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due process right to an inmate grievance procedure).

For these reasons, the court:

(1) GRANTS Cameron Blake Hallett leave to proceed against Officer William M. Gould in his individual capacity for compensatory and punitive damages for retaliating against Hallett for filing grievances and PREA complaints by bringing and threatening to bring false disciplinary charges against Hallett and threatening to place Hallett in segregation, in violation of the First Amendment;

(2) GRANTS Cameron Blake Hallett leave to proceed against Officer William M. Gould in his individual capacity for compensatory and punitive damages for cruel and unusual punishment in the form of a sexual assault against Hallett on March 27, 2022, in violation of the Eighth Amendment and Fourteenth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Sgt. Hake, Officer Sickafoose, Officer Butler, John Doe 1 (a grievance officer), and John Doe 2 (a PREA coordinator);

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer William M. Gould at Allen County Sheriff's Department, with a copy of this order and the amended complaint (ECF 11);

(6) ORDERS the Allen County Sheriff to provide the full name, date of birth, and last known home address of the defendant if he does not waive service and he has such information; and

(7) ORDERS, under 42 U.S.C. § 1997e(g)(2), Officer William M. Gould to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on April 29, 2024.

s/Holly A. Brady  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT