UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CAMERON BLAKE HALLETT, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 1:23-cv-00350-HAB-ALT |
| | ) |
| WILLIAM M. GOULD, *Correctional Officer*, | ) |
| | ) |
|     Defendant. | ) |

## OPINION AND ORDER

*Pro se* Plaintiff filed this case against correctional officers Gould, Hake, Sickafoose, and Butler, as well as two John Doe officers, in August 2023, alleging various constitutional violations while he was a pretrial detainee at the Pendleton Correctional Facility. (ECF 1). Plaintiff amended his complaint on March 4, 2024. (ECF 11). On April 29, 2024, Chief Judge Holly A. Brady entered a screening order pursuant to 28 U.S.C. § 1915A, allowing Plaintiff to proceed against Gould on his First Amendment retaliation and Eight and Fourteenth cruel and unusual punishment claims, but dismissing all other claims and defendants. (ECF 13 at 7). On September 19, 2024, the Court entered a scheduling order, setting deadlines of September 30, 2024, for joining parties and amending pleadings; March 28, 2025, for completing all discovery, which was later extended to June 10, 2025; and May 16, 2025, for filing dispositive motions. (ECF 22, 28).

Now before the Court is Plaintiff's motion to amend complaint (ECF 50), together with a proposed amended complaint (ECF 50-1) and exhibit (ECF 50-2), filed on October 9, 2025, seeking to add Hake back as a defendant in his individual and official capacities, and advance Eighth Amendment deliberate indifference and supervisory liability claims against Hake and

state-law claims of intentional infliction of emotional distress against Hake and Gould. Gould filed a response in opposition to the motion on October 23, 2025. (ECF 52). Plaintiff has not filed a reply brief, and his time to do so has now passed. *See* N.D. Ind. L.R. 7-1(d)(3). Therefore, the matter is ripe for ruling.

### A. Applicable Law

A party seeking to amend a pleading after the date specified in a scheduling order must show "good cause" for the amendment under Federal Rule of Civil Procedure 16(b)(4). *Alioto v. Town of Lisbon*, 651 F.3d 715, 719-20 (7th Cir. 2011) (collecting cases). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) (citation omitted). A district court is "entitled to apply the heightened good-cause standard of Rule 16(b)(4) before considering whether the requirements of [Federal Rule of Civil Procedure] 15(a)(2) were satisfied." *Alioto*, 651 F.3d at 719.

Under Rule 15(a)(2), a party must seek the Court's leave or the written consent of the opposing party when the moving party can no longer amend the pleadings as a matter of right. Fed. R. Civ. P. 15(a)(2). The Court "should freely give leave [to amend] when justice so requires," *id.*, and "the decision as to whether to grant a motion to amend a [pleading] is entrusted to the sound discretion of the trial court," *Cohen v. Ill. Inst. of Tech.*, 581 F.2d 658, 661 (7th Cir. 1978) (citations omitted). "Courts are to use their discretion under Rule 15(a) to liberally grant permission to amend pleadings so long as there is not undue prejudice to the opposing party or undue delay, bad faith or dilatory motive on the part of the movant." *Sides v. City of Champaign*, 496 F.3d 820, 825 (7th Cir. 2007) (citations omitted). However, "[d]elay on its own is usually not reason enough for a court to deny a motion to amend." *Soltys v. Costello*,

520 F.3d 737, 743 (7th Cir. 2008) (citations omitted). "But the longer the delay, the greater the presumption against granting leave to amend." *Id.* (citation and quotation marks omitted).

*B. Analysis*

Plaintiff's motion to amend is untimely under the Court's Rule 16(b) scheduling order, as it was filed more than a year after the relevant deadline. (*See* ECF 22). In an attempt to show "good cause" for the untimely filing, *see* Fed. R. Civ. P. 16(b)(4), Plaintiff states that "[o]n or about the 1[st] day of July, 2025, [he] obtained documentary evidence that he wishes to present to the district court and the jury to substantiate his claim against defendant Hake." (ECF 50 at 2). Plaintiff does not describe this evidence, but does attach a one-page Inmate Request Form dated February 14, 2022, in which Plaintiff complained about Defendant Gould's alleged "inappropriate" conduct and "harass[ment]" of Plaintiff and other inmates. (ECF 50-2 at 2). The Inmate Request Form is signed by Hake on February 21, 2022, indicating that he was "reviewing [the] incident and video." (*Id.*). Plaintiff also attaches a five-page writing dated March 1, 2022, describing Gould's alleged inappropriate conduct in detail and conveying that Plaintiff "recently filled out a [Prison Rape Elimination Act (PREA)] claim against . . . Gould . . . ." (*Id.* at 7-11).[1]

While Plaintiff indicates he received these discovery documents from Gould on July 1, 2025, he does not address whether, through the exercise of due diligence, he could have requested them earlier¦ in advance of the deadline for joining parties and amending his pleadings. *See Patrick v. Cowen*, No. 3:14-cv-782-RLM-CAN, 2015 WL 13668669, at *1 (N.D. Ind. Mar. 26, 2015) ("The good cause standard requires due diligence by the party seeking to amend its pleading." (citation omitted)). Even more importantly, Plaintiff does not explain why he needed these documents to advance the allegations he includes in the proposed amended

---

[1] These documents are not attached to Plaintiff's operative complaint. (*See* ECF 11).

complaint pertaining to Hake's alleged deliberate indifference and supervisory liability or the alleged intentional infliction of emotional distress by Hake and Gould. *See Landlock Nat. Paving, Inc. v. Design L.P.*, No. 12 C 2893, 2013 WL 4854361, at *2 (N.D. Ill. Sept. 11, 2013) ("[A] plaintiff in federal court need not attach evidence to its complaint." (collecting cases)). Presumably, all of these allegations against Hake and Gould were within Plaintiff's knowledge when he filed this case in August 2023.[2] As such, Plaintiff fails to establish "good cause" under Rule 16(b)(4) for the untimely amendment under the Court's scheduling order.[3]

Discovery is closed, a final pretrial conference is set for February 24, 2026, and a trial is set to commence on March 3, 2026. (*See* ECF 28, 46). Adding Hake as a defendant at this late juncture would likely necessitate reopening discovery and vacating the trial, causing further delay of this more than two-year-old case. As stated earlier, "the longer the delay the greater the presumption against granting leave to amend." *Adams v. Szczerbinski*, 329 F. App'x 19, 23 (7th

---

[2] Plaintiff alleges in the proposed amended complaint that he "informed . . . Hake . . . about the sexual harassment" (ECF 50-1 at 2); he was told "Hake had authority to address plaintiff's [Prison Rape Elimination Act (PREA)] complaint"; on February 14, 2022, Plaintiff "submitted the PREA complaint to defendant Hake, stating that he feared for his safety and detailing some of his experiences with defendant Gould"; Plaintiff "received a reply from defendant Hake approximately a week later that the incidents were 'under review[]'"; and on March 1, 2022, Plaintiff filed another PREA complaint against Gould, which he addressed to Hake, attaching "a 5-page statement recounting the incidents that occurred" but he never received a response. (*Id.* at 5-6). Plaintiff further alleges:

> Defendant Hake had actual knowledge that plaintiff was suffering sexual harassment and retaliation for filing grievances at the hands of defendant Gould. Defendant Hake exercised deliberate indifference in the face of substantial risk of serious harm approximately February 2020 to July 2022. Defendant Hake refused to assist plaintiff to be kept away from defendant Gould or to . . . take other corrective action to protect plaintiff from defendant Gould's continuous attacks. As a result of defendant Hake's deliberate indifference and failure to protect[,] plaintiff was a victim of sexual assault and has experienced intense depression, anxiety, humiliation, fear, powerlessness, terror, nightmares, increased harassment by other inmates, and strain on his relationships with his family.

(*Id.* at 7-8).

[3] And to the extent Plaintiff may be intending to bring a claim against Hake under PREA, as Chief Judge Brady opined, he cannot succeed because PREA does not provide for a private right of action. (ECF 13 at 5 (citing *Sims v. Doe*, No. 1:18-cv-2394-TWP-MPB, 2018 WL 4027632, at *2 (S.D. Ind. Aug. 22, 2018)).

4

Cir. 2009) (citation and internal quotation marks omitted) (affirming the district court's denial of two motions to amend filed six weeks and two weeks before trial, where the motions were based on events fourteen months earlier and would have required reopening of discovery and postponing the trial). While "the Court is well aware of the difficulties a pro se party may face in litigation, [Plaintiff] is nevertheless is obligated to comply with Court-imposed deadlines . . . ." *Mundy v. Wieser's Concrete Prods., Inc.*, No. 3:21-CV-329-MAB, 2021 WL 6622126, at *1 (S.D. Ill. Dec. 2, 2021).

"Undue delay is most likely to result in undue prejudice when a combination of . . . factors . . . ¦ delay in proceedings without explanation, no change in the facts since filing of the original complaint, and new theories that require additional discovery ¦ occur together." *J.P. Morgan Chase Bank, N.A. v. Drywall Serv. & Supply Co.*, 265 F.R.D. 341, 347 (7th Cir. 2010) (citations omitted). For example, the Seventh Circuit Court has concluded that undue delay caused unfair prejudice to a nonmoving party, warranting denial of leave to amend, "when the moving party amended its pleading two years after the complaint was filed, the facts and representations in the case had not changed, and the amendment would have required additional discovery." *Id.* (citing *Cont'l Bank, N.A. v. Meyer*, 10 F.3d 1293, 1298 (7th Cir. 1993)).

Here, too, the facts underlying Plaintiff's operative complaint and the proposed amended claims are the same. In fact, when dismissing Plaintiff's deliberate indifference claim against Hake, Chief Judge Brady specifically noted that "Sgt. Hake responded to Hallett's first PREA report by indicating that it was under review, and Hallet addressed his second PREA report to Sg. Hake." (ECF 13 at 6). Thus, Plaintiff's new evidence is not new at all. And even though the proposed claims arise from the same facts, Plaintiff is attempting to "introduce[e] [or resurrect] new theories of recovery into the case two years after the action commenced." *J.P. Morgan*

*Chase Bank, N.A.*, 265 F.R.D. at 349. Furthermore, allowing Hake back into the case would likely require at least some additional discovery, resulting in increased expense and delay to Gould. *See id.* at 352.

In sum, Plaintiff "seems to have been on notice of all the facts that could support claims of [deliberate indifference, supervisory liability, and intentional infliction of emotional distress] from the very beginning of this litigation." *Id.* at 351. Yet, he unduly delayed seeking leave to amend his complaint more than two years after he filed this case, more than one year after the deadline to join parties and amend the pleadings passed, and four months after the close of discovery. He has not established "good cause" for this delay under Rule 16(b)(4), nor carried his burden to show that no prejudice will result to Gould from the amendment. *See id.* at 352 ("[T]he party moving to amend ultimately carries the burden of proof to show that no unfair prejudice will result to the non-moving party." (citing *King v. Cooke*, 26 F.3d 720, 724 (7th Cir. 1994))). Furthermore, granting the motion to amend would unduly protract this litigation, impairing the public interest in the prompt resolution of legal disputes. *Id*. at 356 ("In deciding whether or not to grant leave to amend, the court can also consider the burden that granting leave to amend would place on the judicial system."). For all of these reasons, Plaintiff's motion to amend complaint (ECF 50) is DENIED.

SO ORDERED.

Entered this 17th day of November 2025.

/s/ Andrew L. Teel
Andrew L. Teel
United States Magistrate Judge